**Irving M. GREEN, Petitioner,**

v.

**PENNSYLVANIA MUNICIPAL RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 14, 1996.

Decided June 28, 1996.

Louis H. Ceraso, for Petitioner.

Letitia Ann Dyer, Assistant Counsel, for Respondent.

Stephen Yakopec, Jr., for Intervenor, City of Lower Burrell.

Before DOYLE and SMITH, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Irving M. Green, Esquire (Green) petitions for review of an order of the Pennsylvania Municipal Retirement Board (Board) that denied Green's request to purchase retirement credit for service rendered to the City of Lower Burrell (City) prior to his enrollment in the Pennsylvania Municipal Retirement System (PMRS).

Green was the solicitor for the City on February 1, 1960, when the City was incorporated, and remained its solicitor until December 31, 1991, when he retired. Following his retirement, Green sought benefits from PMRS. Under the City's retirement plan, which is administered by PMRS, the normal retirement age is sixty and requires a minimum of twelve years of service. Green was denied benefits based on his failure to meet the minimum service requirements.

Green appealed this denial to the Board and the City intervened. An administrative hearing was held before a hearing examiner who issued findings of fact and conclusions of law. The pertinent findings are summarized as follows. While City solicitor, Green received a salary provided for by statute and was only paid on a fee basis for occasional projects over the years. While serving as solicitor for the City, Green was also engaged in the private practice of law and served as special counsel to other municipalities. Green did not receive medical benefits, life insurance or vacation leave.

The City enrolled in the PMRS on October 1, 1965. City Ordinance 8–1965 provided the eligibility requirements for membership and the purchase of prior service credit for original members.[1] Although Green was responsible for drafting the 1965 ordinance, his name was not on the list of City employees used in the actuarial cost study done by PMRS to determine the amount of cost to the City; nor was Green one of the twelve City employees that joined PMRS in 1965.

In 1975, the City upgraded its member benefits to an Article IV plan. City Ordinance 6–1975 provided for the adoption of the new plan and the purchase of prior service credit for enrolling members.[2] Green

---

1. The pertinent portion of Ordinance 8–1965, concerning the purchase of prior service credit for original members, states:

   SECTION II. Membership for elected officials shall be prohibited and membership for employees paid on a per diem basis shall be prohibited.
   SECTION III. Credit for prior service toward the municipal annuity of each original member shall be for all years of service to the City of Lower Burrell. The City of Lower Burrell does hereby assume the liability for payment of 100 per centum (100%) of the member's annuity for the prior service of each original member.

   SECTION IV. Payment for the prior service noted in Section III hereof shall be made by the City of Lower Burrell in accordance with Section 14 of said Act and may be spread over a period of thirty (30) years if the City of Lower Burrell so chooses and with the consent of the Municipal Employes' Retirement Board.

2. The pertinent portion of Ordinance 6–1975 provides:

   SECTION 2. The City of Lower Burrell, having placed all of its employees, as far as they are eligible, under the Federal Social Security Act, has elected to join the Municipal Employees' Retirement System, established by the Act

again was responsible for drafting this ordinance; again, his name did not appear on the list of employees submitted for the actuarial cost study and, again, Green did not enroll in PMRS in 1975.

In 1984, Frank B. Duda, a former City clerk, advised PMRS that the City had decided to include Green in its pension system and Green enrolled as of January 1, 1984. At that time Green was already a member of PMRS through his service as a solicitor for the City of New Kensington. At the request of Mr. Duda, an actuarial cost study was performed, showing a cost of $8,353.00 to the City for the purchase of prior service for Green. Although PMRS was informed that the City would purchase Green's prior service and have the cost amortized over a thirty year period, no action was taken and Green's account was not credited with the prior service. In 1990, again at the request of Mr. Duda, PMRS conducted a second actuarial cost study relating to the purchase of Green's prior service, which at this time would have cost $20,915.00. Mr. Duda was informed by PMRS that a resolution by the City would be required in order to amortize this annual cost. Although a City resolution was provided to PMRS, it was later determined that the resolution did not, in fact, authorize the purchase of this service; thus, PMRS removed the prior service credit from Green's account that it had previously credited upon receipt of a copy of the resolution.

At the time Green applied for retirement benefits, he had seven years of service credit (January 1, 1984 through December 31, 1991). Having failed to meet the minimum service requirement of twelve years, Green's request for benefits was denied. Based upon these findings the hearing examiner concluded that Green was an employee of the City and was not prohibited from joining PMRS; in fact, as a municipal employee, Green should have been required to join PMRS in 1965. However, the hearing examiner found that the City is not obligated to purchase Green's prior service pursuant to its two ordinances because Green did not enroll in PMRS pursuant to either ordinance. Further, without agreement by the City as to the form of payment for the service credit, PMRS cannot grant Green service credit for his service prior to his enrollment in 1984.

After reviewing the evidence and legal arguments of the parties, the hearing examiner's proposed report and the exceptions filed by all three parties, the Board adopted the hearing examiner's report in part, rejecting the findings and conclusions considering Green an employee of the City and the legal ramifications of Green's employment status as it related to the City's pension plan. In all other respects, the Board adopted the hearing examiner's findings and conclusions; thus, it denied Green's request for credit for the years between 1960 and 1984.

On appeal to this Court,[3] Green raises the following issue for our review: whether the Board erred in determining that he did not qualify for and was not entitled to a pension, i.e., the right to purchase twenty-three years of prior service credit for the period from 1960 to 1984.

Green bases his contention that he is entitled to have his entire term of employment

---

of June 4, 1943, P.L. 886, as amended, and has agreed to be bound by all the requirements and provisions of the said Act and to assume all obligations, financial and otherwise, placed upon member municipalities by said Act. Municipal employee means a person holding an office or position other than that of a municipal fireman or municipal policeman, under a municipality or a municipal government association and paid on a regular salary or per diem basis. The term shall not include officers and employees paid wholly on a fee basis. SECTION 3. Credit for prior service up to the time the City of Lower Burrell joined the Municipal Employees' Retirement System, toward the municipal annuity of each original member shall be for all years of service to the City of Lower Burrell. The City of Lower Burrell

does hereby assume the liability for payment of one hundred percent (100%) of the member's annuity for the prior service of each original member.
SECTION 4. Payment for the prior service noted in Section 3 hereof shall be made by the City of Lower Burrell in accordance with Section 14 of said Act and may be spread over a period of thirty (30) years if the City of Lower Burrell so chooses and with the consent of the Municipal Employees' Retirement Board.

3. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

credited for retirement purposes on the language in the City's 1965 and 1975 ordinances, the definition of "original member" in Section 102 of the Pennsylvania Municipal Retirement Law (PMRL),[4] and the definition of "employee" in Section 4 of The Third Class City Code.[5] Green's interpretation may be correct in that he could be considered an employee of the City under the above quoted definitions and that he could have been an original member receiving credit for the prior service (1960 to 1965); however, falling into these categories is not enough.

What Green overlooks is the fact that he was responsible for drafting the two ordinances and that his name did not appear on the lists of employees prepared by the municipality for the actuarial cost studies. These facts appear to negate Green's contention that the testimony of Edward A. Bechtel, assistant secretary for the PMRS, wherein Bechtel summarizes the events occurring between the City and the PMRS in 1984, shows an intent by the City to approve Green's membership for pension purposes. The record shows that Green never filed an application for membership until 1984, although he could have done so as early as 1965 when the City opted to participate in the PMRS. That was the time for Green to become a member, if both the City and Green intended that Green should be a member.

The City, in addition to making various other arguments, cites Green's failure to file an application for membership as well as his work in drafting the ordinances. This contention is essentially a waiver argument, i.e., even if Green could have been deemed an employee, he failed to take the necessary action of seeking enrollment at the time the City joined the pension system.

Although the issue of whether Green was or was not an employee of the City is the basis for the different findings and conclusions reached by the hearing examiner as opposed to those espoused by the Board, Green does no more than assert that he is an employee in response to the City's contention that he was not. We also note that the hearing examiner did not find convincing Green's explanation that he did not realize he was not a member of the City's pension program until 1984. Moreover, at least at the time Green joined the system in 1984, he had to have been considered an employee by the City. In fact, we question what other than Green's application for membership in the system changed so that he was an employee of the City in 1984. No one explains what occurred to change his status in 1984 or whether nothing occurred and his status remained the same.

Regardless, we do not feel compelled to make a determination as to Green's status prior to 1984. Green was concerned to a great extent over the years with matters involving the City's pension program and his failure to become a member of PMRS at the appropriate time is based on his own waiver. He certainly had knowledge and notice of the plan's implementation and if it had been the City's and Green's intent, then Green would have applied and enrolled in the system and his name would have been included in the list of employees submitted for at least one of the actuarial studies performed at the time the 1965 or the 1975 ordinances were adopted. Therefore, we hold that the City cannot now be held liable for the payment for the prior service with regard to Green's pension.

Accordingly, we affirm.

## ORDER

NOW, June 28, 1996, the order of the Pennsylvania Municipal Retirement Board, in the above-captioned case, is affirmed.

---

**4.** Act of February 1, 1974, P.L. 34, *as amended*, 53 P.S. § 881.102. Section 102 of the PMRL contains definitions for terms, including the term "original member," which is defined as "a municipal officer, employe, fireman or policeman, or an employe of a municipal government association who was employed by the municipality at the date the municipality joined the system."

**5.** Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. § 39340, wherein the use of the term " 'employes' includes officers and officials of the city, whether elected or appointed."